## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NORMAN JOE LANGFORD, )  <br>                                      Plaintiff, ) | |
| v.                                              ) | Case No. CIV-08-389-F |
|                                                      ) | |
| GRADY COUNTY DETENTION CENTER, )  <br>WARDEN SHANE WYATT, )  <br>LT. BILL DAUGHERTY and )  <br>LT. LARRY MAGUIL, )  <br>                                  Defendants. ) | |

### REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. This matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Defendant Grady County Detention Center has filed a Motion to Dismiss Plaintiff's Amended Complaint as Supplemented and Brief in Support [Doc. #62]. Plaintiff has filed a response [Doc. #82], stating that he has no objection to Defendant's Motion. For the reasons set forth below, it is recommended that Defendant's Motion be granted.

### Analysis

Plaintiff has named as a defendant in this action the Grady County Detention Center. This Defendant moves for dismissal on the ground that it is not a suable entity for purposes of 42 U.S.C. § 1983.

In determining whether dismissal of a *pro se* complaint is proper for failure to state a claim upon which relief may be granted, the Court must take all well-pleaded factual

allegations as true and view those facts in the light most favorable to the plaintiff. Dismissal is proper if, taking those facts as true, the plaintiff has failed to present a plausible right to relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (*quoting Twombly*, 127 S.Ct. at 1965). Where, as here, the litigant appears *pro se*, the Court construes the complaint liberally. *Haines v. Kerner*, 404 U.S. 519 (1972).

Rule 17(b) of the Federal Rules of Civil Procedure provides that a non-corporate entity's capacity to be sued is determined by the law of the state in which the district court is located. Fed. R. Civ. P. 17(b). In Oklahoma, each organized county can sue and be sued. Okla. Stat. tit. 19, § 1. The authority of each Oklahoma county is exercised by its board of county commissioners, Okla. Stat. tit. 19, § 3, and a lawsuit brought against a county must be filed against the board of county commissioners of the relevant county. Okla. Stat. tit. 19, § 4. A county jail in Oklahoma, as a subdivision of the county in which it is located, has no separate legal identity under Oklahoma law, and therefore Defendant Grady County Detention Center cannot be sued in this Court. *See Lindsey v. Thomson*, No. 06-7114, 2007 WL 2693970 at *3 (10th Cir. Sept. 10, 2007) (unpublished op.) (affirming dismissal of § 1983 claims against police departments and county sheriff's department, entities with no apparent legal existence); *White v. Utah*, No. 00-4109, 2001 WL 201980 at *1 (10th Cir. March 1, 2001) (unpublished op.) (affirming dismissal of county jail; although applicable state law

provided that county may sue or be sued, no state law supported directing a cause of action directly against a county's subdivisions, including its jails); *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086 at *4 n. 3 (10th Cir. June 21, 2000) (unpublished op.) (affirming dismissal of county jail as defendant in prisoner's § 1983 action on basis that "a detention facility is not a person or legally created entity capable of being sued"); *Reid v. Hamby*, No. 95-7142, 1997 WL 537909 at * 6 (10th Cir. Sept. 2, 1997) (unpublished op.) (holding that "an Oklahoma 'sheriff's department' is not a proper entity for purposes of a § 1983 suit"). As noted, Plaintiff has filed a response to the Motion, stating that he has no objection to the dismissal of this Defendant. Accordingly, Defendant Grady County Detention Center should be dismissed from this action based on Plaintiff's failure to state a claim upon which relief may be granted.

In making this recommendation, the Court notes that on October 16, 2008, Plaintiff moved to supplement his Amended Complaint and the Court granted his motion. *See* Motion to Supplement [Doc. #49] and Order [Doc. #57]. Prior to the supplementation of the Amended Complaint, Defendant Grady County Detention Center had already moved for dismissal of Plaintiff's Complaint. *See* Motion to Dismiss [Doc. #35]. The ground for dismissal raised by Grady County Detention Center in that prior motion is identical to the ground raised in the pending motion and, therefore, that motion should be denied as moot.

Plaintiff has also filed a pleading headed Plaintiff's Motion to Ask the Court to Release Grady County Detention Center as a Defendant in Plaintiff's Amended Complaint [Doc. #71]. Because the Court recommends granting Defendant's Motion to Dismiss, Plaintiff's Motion should also be denied as moot.

## RECOMMENDATION

It is recommended that Defendant Grady County Detention Center's Motion to Dismiss Plaintiff's Amended Complaint as Supplemented and Brief in Support [Doc. #62] be granted and that Grady County Detention Center be dismissed as a defendant based on Plaintiff's failure to state a claim upon which relief may be granted.

It is further recommended that Defendant Grady County Detention Center's Motion to Dismiss and Brief in Support [Doc. # 35] and Plaintiff's Motion to Ask the Court to Release Grady County Detention Center as a Defendant in Plaintiff's Amended Complaint [Doc. #71] be denied as moot.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by January 12th, 2009. *See* LCvR72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Report and Recommendation does not terminate the referral by the District Judge in this matter.

ENTERED this   22nd   day of December, 2008.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE