# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NORMAN JOE LANGFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-08-0389-F |
| ) | |
| GRADY COUNTY DETENTION ) | |
| CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Norman Joe Langford, a state prisoner appearing *pro se* whose pleadings are liberally construed, brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his federal constitutional rights.

On September 21, 2009, Magistrate Judge Valerie K. Couch issued her Supplemental Report and Recommendation (the Report). The Report recommends that defendant Shane Wyatt's motion for summary judgment be granted in part and denied in part; that the motion for summary judgment of defendants Bill Daughtery and Larry McGill be granted in part and denied in part; that defendants Kieran McMullen and Jack Porter's motion to dismiss be denied; that defendants Chris Angel and John Mosley's motion to dismiss, construed as a motion for summary judgment, be granted; that defendant Grady County Detention Center's motion to dismiss be granted; and that plaintiff's motion to compel discovery be denied.

Defendants Daughtery, McGill, McMullen and Porter have objected to the recommendations contained in the Report. Plaintiff has responded to the defendants' objections to the Report.

As required by 28 U.S.C. §636(b)(1), the court has reviewed all objected to matters *de novo*. Having concluded that review, and after careful consideration of plaintiff's objections, the record, and the relevant authorities, the court finds that it agrees with the Report and Recommendation of the Magistrate Judge and that no purpose would be served by stating any further analysis here.

Accordingly, the Supplemental Report and Recommendation of Magistrate Judge Couch (doc. no. 179) is **ACCEPTED**, **ADOPTED**, and **AFFIRMED** in its entirety. Consistent with that Report, the following rulings are hereby adopted by the court.

## Summary of Rulings

Summary judgment on grounds of qualified immunity is entered in favor of defendants McGill and Daughtery as to the individual capacity claim raised in Count I of the Second Amended Complaint alleging unconstitutional conditions of confinement based on plaintiff being fed sack lunches for a three-day period from November 17 through November 19, 2006. Summary judgment is denied as to all other individual capacity claims brought against defendants McGill and Daughtery in Count I. In addition, summary judgment is denied as to all individual capacity claims brought against defendants McGill and Daughtery in Counts II and III of the Second Amended Complaint. Further, summary judgment is denied as to plaintiff's official capacity claims brought against these defendants.

Summary judgment on grounds of qualified immunity is entered in favor of defendant Wyatt with respect to all individual capacity claims raised in Count I of the Second Amended Complaint and the claim raised in Count III of the Second Amended Complaint related to use of the restraint chair following plaintiff's December 2007 suicide attempt. Summary judgment is denied as to all other individual capacity

claims brought against defendant Wyatt. In addition, summary judgment is denied with respect to plaintiff's official capacity claims brought against defendant Wyatt.

The Motion to Dismiss of defendants McMullen and Porter is denied. Plaintiff has brought only official capacity claims against these defendants. Plaintiff's official capacity claims against these defendants should proceed.

The Motion to Dismiss of defendants Angel and Mosley, construed as a motion for summary judgment, is granted and judgment as a matter of law is entered in favor of these defendants.

The Motion to Dismiss of defendant Grady County Detention Center, is granted and the Detention Center is dismissed as a defendant in this lawsuit.

Plaintiff's Motion to Compel Discovery is denied at this time.

### Rulings

Accordingly, as set out in more particularity above:

(1) the Motion for Summary Judgment of defendant Shane Wyatt (doc. no. 87) is **GRANTED IN PART** and **DENIED IN PART**;

(2) the Motion for Summary Judgment of defendants Bill Daughtery and Larry McGill (doc. no. 88) is **GRANTED IN PART** and **DENIED IN PART**;

(3) the Motion to Dismiss of defendants Kieran McMullen and Jack Porter (doc. no. 155) is **DENIED**;

(4) the Motion to Dismiss of defendants Chris Angel and John Mosley (doc. no. 157) construed as a motion for summary judgment is **GRANTED**;

(5) the Motion to Dismiss of defendant Grady County Detention Center (doc. no. 143) is **GRANTED**; and

(6) Plaintiff's Motion to Compel Discovery (doc. no. 165) is **DENIED**.

This order disposes of all issues referred to the Magistrate Judge, and leaves various claims for trial.[1]

Dated this 17th day of November, 2009.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

08-0389p003.wpd

---

[1] In addition to the issues addressed in the Report, plaintiff has filed two motions. The first seeks appointment of counsel. (Doc. no. 180). The second asks the court to set a trial date and a date for other proceedings. (Doc. no. 182). The court has these two motions under advisement.